UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CECELIA R.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C19-5504-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1964.[1] She has a high school diploma and some college education, and has worked as a fish cannery worker, owner of a sign-making business, and residential monitor for a corrections department. (AR 295, 379.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -1

Plaintiff applied for SSI and DIB in December 2015, alleging disability as of January 1, 2011.[2] (AR 257-64.) Those applications were denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 160-68, 171-82.)

On December 6, 2017, ALJ Linda Thomasson held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 45-81.) On May 24, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-31.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on April 1, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 17-18.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's obesity, bilateral hand disorder, bilateral knee disorder, bilateral hip disorder, spine disorder, anxiety, and depression. (AR 18-19.) Step three asks whether a

---

[2] At the administrative hearing, Plaintiff amended her alleged onset date to February 1, 2011. (AR 56.)

claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 19-21.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work, with additional limitations: she can frequently push and pull with her lower extremities, including operation of foot controls. She can never climb ladders, ropes, or scaffolds, and can never crouch or crawl. She can frequently balance, and handle and finger bilaterally. She can occasionally climb ramps and stairs, stoop, and kneel. She can have occasional exposure to extreme cold, extreme heat, wetness, and vibration. She can have no exposure to hazards such as unprotected heights and moving mechanical parts. She can perform jobs requiring level-two reasoning. She can perform simple, routine tasks, and make simple work-related decisions. She can have no public interaction, but can have frequent interaction with supervisors and co-workers. She can tolerate few changes in a routine work setting. (AR 21.) With that assessment, the ALJ found Plaintiff unable to perform her past relevant work. (AR 29-30.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because the ALJ found Plaintiff capable of performing past relevant work, the ALJ did not proceed to step five. (AR 35-36.)

This Court's review of the ALJ's decision is limited to whether the decision is in

accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting her subjective symptom testimony, (2) assessing certain medical evidence and opinions, and (3) discounting a lay statement.[3] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Subjective symptom testimony

The ALJ discounted Plaintiff's subjective allegations of disability for a number of reasons: (1) although Plaintiff alleged her disability began in 2011, there are no medical records until 2013; (2) the medical records do not corroborate Plaintiff's allegations of disabling physical or mental limitations; and (3) the record shows that Plaintiff's limitations were mild, temporary and/or alleviated with treatment. (AR 22-26.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff first argues that the ALJ erred in applying an "objective evidence test," but

---

[3] Plaintiff's opening brief also challenges the ALJ's RFC assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. Dkt. 12 at 18-19. Accordingly, these issues will not be analyzed separately.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -4

has not shown that the ALJ rejected Plaintiff's allegations *solely* based on a finding that her allegations were not corroborated by objective evidence, and thus has not shown harmful legal error in this respect. Dkt. 12 at 15; *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Next, Plaintiff argues that the ALJ erred in simply summarizing the medical evidence, without showing how that evidence undermines her testimony. Dkt. 12 at 15-16. But Plaintiff is mistaken: the ALJ did summarize the records related to Plaintiff's physical and mental limitations, but also provided specific reasoning to explain why those records undermined Plaintiff's allegations. For example, the ALJ explained that the record showed that Plaintiff had at most "slightly restricted range of motion and strength tests", despite complaints of disabling back and leg pain. (AR 23.) The ALJ also noted that Plaintiff complained of disabling hip pain, but the imaging did not reveal any significant abnormalities. (AR 23-24.) The ALJ did acknowledge that Plaintiff have "the most aggressive treatment found in the file" for her knee problems, but found that after her treatment (including surgery and physical therapy), Plaintiff eventually reported that she was no longer limited by her knees. (AR 23-24.) The ALJ also noted that Plaintiff's complaints of severe spinal impairment were undermined by unremarkable or mild findings upon imaging, as well as the findings of normal range of motion and full strength in the lower extremities. (AR 24-25.) The ALJ also detailed how the records pertaining Plaintiff's hand impairment showed that it did not result in significant limitations. (AR 25.) Lastly, the ALJ cited evidence showing that

Plaintiff did have some mental limitations, but found that her treatment notes and mental status examinations indicated that her limitations were not disabling. (AR 26.) The Court finds that, in light of the ALJ's thorough discussion of the record as well as her rationale for finding that the record was inconsistent with Plaintiff's allegations, Plaintiff has not shown that the ALJ simply meandered through a summary of the medical evidence. *Cf. Brown-Hunter v. Colvin,* 806 F.3d 487, 493-94 (9th Cir. 2015) (holding that the ALJ failed to provide specific reasons, allowing for meaningful review where "she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination").

Plaintiff's summary of her own subjective statements does not identify an error in the ALJ's decision. Dkt. 12 at 16-17. Because Plaintiff has not established error in the ALJ's assessment of her subjective allegations, the Court affirms this part of the ALJ's decision.

### Medical evidence

Plaintiff challenges the ALJ's assessment of various medical opinions, each of which the Court will address in turn.

<u>Legal standards</u>

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the

record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Peter Weiss, Ph.D.

Dr. Weiss examined Plaintiff twice, in 2015 and 2017, and completed DSHS form opinions on both occasions, describing Plaintiff's symptoms and limitations. (AR 379-82, 604-08.) The ALJ summarized Dr. Weiss's conclusions and explained that she gave partial weight to the moderate cognitive and social limitations he assigned because those were consistent with the record and the State agency opinions, but the ALJ found that the marked and severe limitations described by Dr. Weiss were "overstated and not supported by the conventional and conservative treatment the claimant received[.]" (AR 28 (citing AR 95-97, 116-18, 137-39, [155-57], 523-53, 698-743).)

Despite Plaintiff's challenge to the ALJ's reasoning, the evidence cited by the ALJ includes references to Plaintiff's improvement with medication and therapy, as well as her adequate functioning. (*See, e.g.*, AR 537, 541, 542, 546, 548, 550, 702, 704, 705, 711, 715.) The ALJ reasonably found that this evidence is inconsistent with Dr. Weiss's description of marked and severe limitations in Plaintiff's ability to maintain a schedule, complete a normal workday, communicate effectively, maintain appropriate behavior, and set goals independently. (*See* AR 381, 606.) Because the evidence cited by the ALJ supports the ALJ's conclusion, the Court finds no error in the ALJ's discounting of Dr. Weiss's opinions based on inconsistency with that evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions).

Plaintiff also contends that the ALJ erred in purporting to credit the moderate limitations described by Dr. Weiss, but failing to account for them in the RFC assessment. Dkt. 12 at 4. Plaintiff has not shown that any of the moderate limitations identified by Dr. Weiss are inconsistent with the ALJ's RFC assessment, however. The ALJ limited Plaintiff to performing jobs involving simple and routine tasks, involving reasoning level two and only simple work-related decisions, no public interaction, frequent interaction with supervisors/co-workers, and only few changes in the work setting. (AR 21.) The moderate limitations identified by Dr. Weiss are arguably consistent with those capabilities. (*See* AR 381, 606.) Thus, Plaintiff has not identified an error pertaining to the moderate limitations identified by Dr. Weiss.

Claudia Sloan, M.D. & Kristia Andreas, FNP-C

Dr. Sloan, a treating physician, completed a DSHS form opinion in October 2015 describing Plaintiff's physical symptoms and limitations, based on a physical examination. (AR 383-87, 407-11.) Dr. Sloan opined that Plaintiff could perform sedentary work, and indicated that her opinion was valid for six months. (AR 385.)

Ms. Andreas completed a form physical opinion in August 2017, indicating that Plaintiff could perform sedentary work, and that her opinion described limitations expected to last 6-12 months. (AR 591-602.)

The ALJ gave little weight to the opinions of Dr. Sloan and Ms. Andreas, noting that they both had limited duration, and finding them inconsistent with the medical record and Plaintiff's own statements describing her activities of daily living. (AR 27 (citing AR 325, 329-32, 517, 520-21).) That evidence includes an examining physician's opinion that

DISABILITY APPEAL
PAGE -8

Plaintiff had no limitations as to standing/walking, as well as Plaintiff's reports of her ability to complete household chores, cooking, grocery shopping, and personal care. (AR 325, 329-32, 517, 520-21.) The ALJ reasonably found this evidence to be inconsistent with the opinions of Dr. Sloan and Ms. Andreas, and did not err in discounting them on that basis, as well as based on the opinions' limited duration. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity); 20 C.F.R. §§ 404.1505, 1509 (to meet definition of disability, claimant must have a severe impairment preventing work; impairment must have lasted or be expected to last at least twelve months).

<u>Gary Gaffield, D.O.</u>

Dr. Gaffield performed a consultative physical examination of Plaintiff in April 2016 and wrote a narrative report describing her symptoms and limitations. (AR 516-21.) In relevant part, Dr. Gaffield opined that Plaintiff could perform postural activities occasionally, but should avoid heights, scaffolding, ladders, objects in here pathway, irregular surfaces, moving surfaces, and unprotected areas. (AR 521.) The ALJ gave partial weight to Dr. Gaffield's conclusions, finding that his opinion that Plaintiff was limited to occasionally performing postural activities was understated, and that Dr. Gaffield overstated Plaintiff's abilities as to balancing. (AR 27.) The ALJ found the remainder of Dr. Gaffield's opinion to be consistent with the State agency opinions. (*Id.*)

Plaintiff argues that the ALJ erred in crediting the majority of Dr. Gaffield's opinion, because his conclusions were inconsistent with his own findings as well as the remainder of the medical record. Dkt. 12 at 7. Plaintiff does not identify any particular inconsistency,

however, and thus this argument is unsupported and rejected. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to address assertions unaccompanied by legal arguments: "We require contentions to be accompanied by reasons.").

State agency opinions

Plaintiff argues that the ALJ erred by giving partial weight to the State agency opinions, because the State agency reviewers did not have access to Plaintiff's entire file. Dkt. 12 at 8. The ALJ acknowledged this fact, but nonetheless herself considered the State agency opinions in light of the record as a whole, and found that they were partially consistent with the longitudinal record. (AR 27-29.) Plaintiff has not identified an error in the ALJ's weighing of the State agency opinions, because she has not shown or even argued that they were inconsistent with all of the other evidence in the record and should have been discounted to a greater degree. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Plaintiff's lengthy summary of the medical evidence does not show error in the ALJ's decision. Dkt. 12 at 8-14. Because Plaintiff has not identified an error in the ALJ's assessment of the medical opinion evidence, the Court affirms this portion of the ALJ's decision.

Lay evidence

Plaintiff's friend, Ginnie Donner, completed a third-party function report describing Plaintiff's symptoms and limitations. (AR 304-11.) The ALJ summarized Ms. Donner's statement, and found that it was generally consistent with Plaintiff's allegations, but did not describe limitations more restrictive than those found in the RFC assessment. (AR 29.) The

ALJ also found that the objective medical record did not support the degree of limitations described by Ms. Donner. (*Id.*)

An ALJ's reasons to discount a lay statement must be germane. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). Plaintiff argues that the ALJ inaccurately found that Ms. Donner did not describe limitations more restrictive than found in the ALJ's RFC assessment. Dkt. 12 at 18. Much of Ms. Donner's statement is indeed consistent with the ALJ's RFC assessment, as Ms. Donner indicated Plaintiff's ability to function in a variety of ways, with some limitations. (AR 304-11.) Ms. Donner did, however, describe walking limitations that are inconsistent with the ALJ's RFC assessment: Ms. Donner opined that Plaintiff can walk 50-100 yards before needing to rest. (AR 309.) Yet an examining physician found that Plaintiff had no standing/walking limitations. (*See* AR 520.) Thus, the ALJ did not err in referring to the medical record as a reason to discount Ms. Donner's statement.

Because Plaintiff has not shown that the ALJ erred in discounting Ms. Donner's statement, the Court affirms this portion of the ALJ's decision.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 8th day of April, 2020.

Mary Alice Theiler
United States Magistrate Judge